IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOE V. WRIGHT,  Case No. 3:11 CV 2064

    Plaintiff,  MEMORANDUM OPINION

   -vs-

RICHARD JONES,

    Defendant.

KATZ, J.

*Pro se* plaintiff Joe V. Wright filed the above-captioned action against Richard Jones. In the complaint, plaintiff alleges the defendant defrauded him. He seeks "a fair settlement." (Doc. 1 at 1.)

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## I. Background

Plaintiff's complaint is very brief. He claims he was referred to Richard Jones through Al Sharpton and the National Action Network. He believed Mr. Jones was an attorney and retained him to represent him on an appeal to the United States Sixth Circuit Court of Appeals. Plaintiff contends Mr. Jones agreed to take his case and he paid Mr. Jones the sum of $ 150.00. He contends he discovered Mr. Jones is, in fact, not a lawyer. Plaintiff's appeal was dismissed.

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

**III. Discussion**

Plaintiff has not established a basis for federal court jurisdiction. He does not specify the legal claim he seeks to assert against this defendant and none is readily apparent on the face of the pleading. Although this Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21, the duty to be less stringent with *pro se* complaints does not require this Court to create a claim for plaintiff or conjure up unpled allegations. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). To do so would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985). Even liberally construed, the Court can find no cause of action to support federal subject matter jurisdiction.

**IV. Conclusion**

Accordingly, plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
U.S. DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.